IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CV-730-BO-KS

| | | |
|---|---|---|
| NICOLE HOUSE, SUI JURIS MORTGAGOR, et al., | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | ORDER |
| LEIGH BRADY, d/b/a/ PRESIDENT OF STATE EMPLOYEES' CREDIT UNION, et al., | ) ) ) ) ) | |
| Defendants. | ) | |

This cause comes before the Court on defendants' motion to dismiss for lack of subject matter jurisdiction and failure to state a claim. [DE 28]. Plaintiffs have responded. [DE 35]. The Court also considers plaintiffs' motions for a preliminary injunction and permanent injunction [DE 5] and plaintiffs' emergency request for hearing [DE 23]. Defendants responded [DE 29]. In this posture, the motions are ripe for ruling. For the following reasons, the motion to dismiss is granted and the others are denied as moot.

BACKGROUND

This lawsuit is a collateral attack against a completed foreclosure sale of plaintiffs' residence. The foreclosure action was based on defaults in payment under a Note and Deed of Trust signed by plaintiffs House and Wilson in favor of defendant SECU on March 31, 2023, in the original sum of $282,000.00. [DE 1-2]. The Wake County Assistant Clerk of Court entered an order on April 23, 2025, finding as facts that SECU and Trustee satisfied all requirements of N.C.G.S. § 45-21.16, including that SECU was the holder of the note, there was a valid debt owed

by plaintiffs House and Wilson, there was a default, SECU had the right to foreclose on the home loan, and notice was proper. The order authorized SECU and Trustee to foreclose on the property.

Plaintiffs commenced this action on November 13, 2025, by filing a "Verified Bill in Exclusive Equity." Therein, they allege that plaintiffs House and Wilson, mortgagors of the residence, had assigned their "Equity of Redemption" interest in the property to plaintiff Zaire, who then conveyed that assignment to the Sacred Equity Redemption Trust. Around October 6, 2025, plaintiff Zaire, as trustee of the Sacred Trust, purported to tender "the whole obligation in equity," including a bill of exchange and special deposit, to SECU. Defendants refused the tender and the foreclosure sale proceeded.

Plaintiffs ask the Court to order an accounting, declare that the tender was sufficient and must be applied to the account, subrogate SECU's claim to the Sacred Trust, and void the sale.

## DISCUSSION

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a claim for lack of subject matter jurisdiction. "Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt." *Ashcroft v. Iqbal*, 556 U.S. 662, 671 (2009) (citation omitted). When subject-matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction to survive the motion. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647–50 (4th Cir. 1999). The Court can consider evidence outside the pleadings without converting the motion into one for summary judgment. *See, e.g., Evans*, 166 F.3d at 647.

Under the *Rooker-Feldman* doctrine, lower courts are barred "from considering not only issues raised and decided in the state courts, but also issues that are 'inextricably intertwined' with the issues that were before the state court." *Washington v. Wilmore*, 407 F.3d 274, 279 (4th Cir. 2005) (quoting *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983)). As

the Fourth Circuit has explained, an issue is deemed inextricably intertwined when it "was not actually decided by the state court but where success on the . . . claim depends upon a determination that the state court wrongly decided the issues before it." *Brown & Root, Inc. v. Breckenridge*, 211 F.3d 194, 198 (4th Cir. 2000).

The Court takes judicial notice of the Wake County Clerk of Superior Court's order of April 28, 2025, which found that "the Debtors have shown no valid legal reason why foreclosure should not commence, and that the Substitute Trustee can proceed to foreclose under the terms of the above-described deed of trust and give notice of and conduct a foreclosure sale as by statute provided." [DE 28-2]. The Court takes judicial notice of the Wake County Clerk of Superior Court's report of foreclosure sale, dated October 13, 2025, which recited: "By authority of the power of sale contained in the above Mortgage or Deed of Trust and by authorization of the Clerk of Superior Court, there having been a default under the terms of the obligation secured, the undersigned offered for sale at public auction, and sold the real property described above." [DE 28-5].

"This Court lacks jurisdiction under Rooker-Feldman when 'in order to grant the federal relief sought, the federal court must determine that the [state] court judgment was erroneously entered or must take action that would render the judgment ineffectual.'" *Friscia v. Bank of Am.*, 2013 U.S. Dist. LEXIS 203739, *4 (citing *Radisi v. HSBC Bank USA, Nat. Ass'n*, No. 5:11CV125, 2012 U.S. Dist. LEXIS 81605, 2012 WL 2155052, at *3 (W.D.N.C. June 13, 2012). "Whether evaluated as an attack on the Clerk's Order or the underlying foreclosure proceeding, the Rooker-Feldman doctrine bars Plaintiffs' claims." *Id.* (taking judicial notice "that an Assistant Clerk of Court entered Order Allowing Foreclosure of the property" at issue).

Because the Superior Court order authorized the foreclosure [DE 28-2] and then acknowledged the sale [DE 28-5], plaintiffs' rights are fixed. *See Goad v. Chase Home Fin., LLC*, 208 N.C. App. 259, 263 (2010) ("in the absence of a properly filed upset bid, the rights of the parties to a foreclosure sale become fixed ten days after the filing of the report of the sale"). To find the sale invalid, and even to find that SECU wrongfully refused plaintiffs' tender, would be a review of state court findings. The Court lacks jurisdiction under the *Rooker-Feldman* doctrine.

Furthermore, because the parties' rights were fixed ten days after the report of the foreclosure sale, plaintiffs' claims are precluded by the state court findings. Plaintiffs' claims are moot, and they fail to state a claim under Fed. R. Civ. P. 12(b)(6).

A 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests the complaint's legal and factual sufficiency. See Fed. R. Civ. P. 12(b)(6). The focus is on the pleading requirements under the Federal Rules, not the proof needed to succeed on a claim. "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This standard does not require detailed factual allegations, *ACA Fin. Guar. Corp. v. City of Buena Vista, Virginia*, 917 F.3d 206, 212 (4th Cir. 2019), but it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Nadendla v. WakeMed*, 24 F.4th 299, 305 (4th Cir. 2022). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). For a claim to be plausible, its factual content must allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

4

Under North Carolina law, a court "cannot restrain the doing of that which has already been consummated" and "absent sufficient action by a party seeking to avoid a foreclosure sale to prevent the sale from becoming final, any attempt to enjoin such a sale which has not been heard and decided by the date for the submission of upset bids becomes moot and subject to dismissal at that time." *Goad*, 208 N.C. App. at 264. Plaintiffs' claims all arise from a sale which has been consummated. The motion to dismiss [DE 28] is granted on both 12(b)(1) and 12(b)(6) grounds.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss [DE 28] is GRANTED. Plaintiffs' motion for preliminary injunction and permanent injunction [DE 5] is DENIED as MOOT. Plaintiffs' emergency request for hearing [DE 23] is DENIED as MOOT. Plaintiffs' motion for electronic filing [DE 24] is DENIED as MOOT.


SO ORDERED, this **3** day of February 2026.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE